IN THE DISTRICT COURT IN AND FOR HASKELL COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| HAROLD BUFFINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CJ-2015-17 |
| | ) | |
| v. | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
| ARCH INSURANCE COMPANY, | ) | |
| a Foreign Corporation; AND GALLAGHER | ) | |
| BASSETT SERVICES, INC., a Foreign | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Filed in the Office
of COURT CLERK
HASKELL COUNTY, OKLA.

APR 27 2015

ROBIN REA, Court Clerk
_____ Deputy

## PETITION

**COMES NOW** the Plaintiff, Harold Buffington, and for his cause of action against the Defendants, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of the State of Oklahoma and resides in Haskell County, Oklahoma.

2. Defendant Arch Insurance Company ("Arch"), is a foreign corporation doing business in Oklahoma with substantial ties to Haskell County, Oklahoma.

3. Defendant Gallagher Bassett Services, Inc. ("Gallagher") is a foreign corporation doing business in Oklahoma with substantial ties to Haskell County, Oklahoma.

4. The accident and injury that gave rise to this litigation occurred in Haskell County, Oklahoma.

5. As such, this Court has jurisdiction and venue is proper in Haskell County, Oklahoma.

1

EXHIBIT 2

## STATEMENT OF FACTS

6.  Paragraphs 1-5 are incorporated herein by reference.

7.  On or around July 30, 2011 Plaintiff Buffington was employed by B & B Gas Well Services, Inc.

8.  On said date, Plaintiff was asked by representatives of B & B Gas to operate a commercial truck, knowing the brakes on said truck were defective, and knowing that Plaintiff had been provided no training regarding how to maneuver his truck and trailer in the event the brakes did fail.

9.  Plaintiff was involved in an accident in said vehicle as a result of the negligence of B & B.

10. The vehicle Plaintiff was operating at the time of his accident was covered by a commercial insurance policy written by Defendant Arch. Said policy included coverage for uninsured motorist ("UM") benefits.

11. Plaintiff advised Defendant Arch, through Defendant Gallagher, of his intent to pursue a claim for UM benefits under the applicable policy. Plaintiff was advised that all claims submitted for UM benefits under the applicable Arch policy were administered by a third party administrator, Defendant Gallagher.

12. Defendant Gallagher had (and continues to have) a high degree of involvement with Plaintiff's claim, including investigating Plaintiff's loss and – upon information and belief based on representations made by Defendants concerning their relationship – had primary control to direct Plaintiff and determine what payments, if any, would be made under the policy.

2

13. Upon information and belief that will be confirmed through discovery, Gallagher's compensation from Arch was, at all times relevant hereto, tied to premiums paid and the manner in which claims were adjusted, meaning the approval or denial of claims.

14. Upon information and belief that will be confirmed through discovery, Gallagher assumed much of the risk for its determinations.

15. Plaintiff submitted a UM demand to Defendants Arch/Gallagher on or around October 18, 2013. Included within this demand was a copy of all applicable medical records and bills. Plaintiff requested Defendants either pay the value of the claim within 30 days, or advise if any additional documentation was needed.

16. Defendants did not begin to investigate or evaluate Plaintiff's claim for UM benefits until January 2014. At that time, Defendants retained Randall Long, Esq., to investigate the UM claim of Plaintiff.

17. Defendants unreasonably relied upon Mr. Long to exclusively conduct the investigation and evaluation of Mr. Buffington's UM claim, while failing to independently perform an evaluation of their own.

18. Defendants, by and through their agents, unreasonably spent the next fourteen (14) months "investigating" the UM claim submitted by Plaintiff.

19. Defendants unreasonably determined the total value of Plaintiff's UM claim to be between approximately $940,218.15 and $1,087,218.15.

20. Defendants unreasonably concluded on or around March 9, 2015, that Plaintiff was entitled to UM benefits in the amount of $361,140.00, after unreasonably contributing approximately sixty seven (67) percent comparative fault to Plaintiff.

3

21. In arriving at the amount due and owing to Plaintiff, Defendants, by and through their agents, unreasonably considered evidence supporting denial of Plaintiff's UM claim, while unreasonably ignoring evidence that supports a finding of coverage under the applicable UM policy.

22. In determining the value of Plaintiff's UM claim, Defendants, by and through their agents, unreasonably relied upon the reports of experts retained by them specifically to provide opinions to support a denial of coverage under the applicable policy of UM benefits, rather than perform an unbiased investigation.

23. In arriving at the amount due and owing to Plaintiff, Defendants, by and through their agents, unreasonably considered that medical damages sustained by Plaintiff were paid by a collateral source, contrary to Oklahoma law.

24. In arriving at the amount due and owing to Plaintiff, Defendants, by and through their agents, unreasonably capped Plaintiff's non-economic damages at $350,000.00, contrary to Oklahoma law.

25. Defendants unreasonably conditioned tendering of these funds upon Plaintiff executing a full release from all liability connected to the breach of contract claims pending in federal court.

26. As of the date of this filing, Defendants have failed to tender any and all sums due and owing.

## CAUSE OF ACTION

**COUNT I.   BREACH OF CONTRACT AGAINST ARCH INSURANCE COMPANY**

27. Paragraphs 1-26 are incorporated herein by reference.

28. Plaintiff, through operation of Oklahoma law, had a policy of uninsured/underinsured motorist coverage with Defendant Arch on the vehicle driven by him.

29. That, at the time of the accident, the third party liable for said accident was underinsured by operation of law.

30. That pursuant to the terms of the policy of insurance with Defendants Arch this is a factual situation wherein the Uninsured/Underinsured motorist coverage, contained in said policy with Defendants Arch applies to the accident involving Plaintiff.

31. Plaintiff has requested Defendants tender payment under said policies, and Defendants have failed to tender said payment in connection with said policies. Plaintiff has performed all conditions precedent under the policy.

32. Defendant Arch has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of his damages. Said failure constitutes a breach of contract of said insurance policy, and Plaintiff is entitled to a judgment against Defendant Arch for the personal injuries sustained while covered by such contract.

**COUNT II.  BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AGAINST ARCH INSURANCE COMPANY AND GALLAGHER BASSETT**

33. Paragraphs 1-32 are incorporated herein by reference.

34. Plaintiff, through operation of law, had a policy of uninsured/underinsured motorist coverage with Defendants Arch/Gallagher on the vehicle driven by him.

35. Plaintiff has requested Defendants Arch/Gallagher tender any and all applicable polices of uninsured/underinsured motorist coverage.

36. As of the filing of this action, Defendants have yet to tender any UM benefits owed to Plaintiff.

37. Defendants Arch and Gallagher Bassett owed a duty to deal fairly and in good faith with Plaintiff in the handling of his claim for insurance benefits.

38. In their handling of Plaintiff' claim under the insurance policy, and as a matter of routine practice in handling similar claims, Defendants Arch and Gallagher Bassett breached their duty to deal fairly with and act in good faith towards Plaintiff and others in the following respects:

   a. Failing to pay Plaintiff the insurance benefits that he was entitled to under the policy at the time when Defendants knew the Plaintiff was entitled to those benefits;

   b. Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

   c. Refusing to honor Plaintiff's claim without a legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

   d. Unreasonably delaying payment of some benefits and denying Plaintiff's claim for some benefits without a reasonable basis;

   e. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

   f. Intentionally and recklessly misapplying the provisions of the insurance policy;

   g. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendants by not paying an amount that it owed by virtue of the insurance contract;

   h. Failing to properly investigate the Plaintiff's claim for benefits;

    i. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

    j. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policy including the claims of the Plaintiff; and

    k. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim.

39. As a direct result of Defendants breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship.

## COUNT III – PUNITIVE DAMAGES AGAINST ARCH INSURANCE COMPANY AND GALLAGHER BASSETT

40. Paragraphs 1-39 are incorporated herein by reference.

41. Defendants have acted intentionally, maliciously and/or with reckless disregard for the rights of the Plaintiff.

42. Accordingly, Plaintiff is entitled to recovery punitive damages against Defendants for their actions set forth herein in an amount in excess of $75,000.00.

**WHEREFORE**, based on the foregoing, Plaintiff prays that this Court grant the relief sought including, but not limited to, actual damages in excess of seventy-five thousand dollars ($75,000.00), with interest accruing from date of filing of suit, punitive damages and all other relief deemed appropriate by this Court.

Respectfully submitted,

**SMOLEN, SMOLEN & ROYTMAN, PLLC**

_____
Donald E. Smolen, II (OBA# 19944)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
www.ssrok.com
Attorney for Plaintiff

8